## SECOND DEPARTMENT, NOVEMBER, 1964

### (November 2, 1964)

■ In the Matter of HILTON SOBA, An Attorney, Respondent. SAMUEL GREASON, Petitioner.— This is a proceeding to discipline respondent, an attorney at law, for professional misconduct. While the petition contains three specifications, one basic charge is alleged, namely: that for a period of years respondent had made it a practice to commingle his personal funds with the escrow funds held by him for his clients; that he used such escrow funds for his personal purposes; and that from time to time he repaid certain of the escrow funds by utilizing other escrow funds and that he did so after complaints had been made to one prosecuting agency or another (Nassau County Bar Association, the District Attorney and the Judicial Inquiry on Professional Conduct). The learned Justice to whom the issues were referred for hearing has submitted his report in which he finds that the charge has been sustained both by the proof and by the respondent's own admissions. The petitioner now moves to confirm the Justice's report and for appropriate disciplinary action against respondent. The motion is granted; the report is confirmed; and the respondent is to be disciplined as hereinafter indicated. It appears from the record that the respondent has repaid all the moneys due to his clients; that he has discontinued his prior commingling practices; and that he co-operated with the petitioner and with the Justice at the hearings

and made a full disclosure of his financial records and prior misconduct. It also appears that the balance in his account was usually insufficient to repay. the escrow funds and, during one period, was some $18,000 less than the escrow funds entrusted to him by his clients; that he manipulated the escrow funds by using the moneys of one client to pay another; that, from time to time, he indiscriminately and habitually used all the escrow funds for his own purposes; that such commingling and use of the funds were without the knowledge or consent of the clients; and that, while he has finally repaid all his clients, he did so only after complaints for withholding funds had been made against him by his clients to the prosecuting agencies. Ordinarily such conduct on the part of an attorney in the handling and use of his clients' funds would require a severe penalty. However, in view of respondent's full and frank disclosure; his co-operation with the petitioner and the Justice in this proceeding; and his complete restitution to his clients, he is suspended from the practice of the law for two years, effective as of January 1, 1965. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.